## CLARK SUMNER *vs.* ELLIS SUMNER, Executor.

Where a promissory note, made and delivered as a settlement of a demand barred by the statute of limitations, is given up to the maker by the payee, for the purpose of restoring all matters between the parties to the state they were in before the note was given, the act of making and delivering such note is not competent evidence to take the original demand out of the operation of said statute. *Aliter,* it seems, if it be given up for the purpose of leaving open the question of the amount due to the payee, and not the question of the maker's being indebted to him.

ASSUMPSIT to recover for services rendered to the defendant's testator, Ebenezer Sumner, the plaintiff's father, during eighteen years next preceding his death. Defence, the statute of limitations.

The plaintiff, at the trial, before *Dewey,* J. gave evidence tending to show that the alleged services had been performed, and also to show the value thereof. It was also in evidence that five days before the testator's death, viz. on the 15th of February, 1837, the plaintiff made a claim on him, and the testator' expressed a willingness to settle with the plaintiff, and thereupon called a meeting of his children to assist in such settlement : That after the separation of the family, on the evening of the same day, the testator agreed to meet the plaintiff on the next day and settle with him, and did accordingly meet him and give him a note for $1000, which sum he afterwards told his daughter he was satisfied was due to the plaintiff : That the plaintiff, being afterwards informed that one of his brothers was dissatisfied, carried the note to his father and gave it to him, saying that he would give it up, and would not keep it, as it made difficulty in the family. At the same time, he received a paper from his father.

There was no other evidence that the testator had acknowledged that he owed the plaintiff, or had promised to pay him, within six years next before the testator's death, except certain verbal declarations made after October 1st, 1834.

The judge instructed the jury, that 'if the note was given up to the testator for the purpose of restoring all matters between the parties to the state in which they were before the execution

Sumner *v.* Sumner, Executor.

of the note, the making and delivery of the note to the plaintiff would not avoid the operation of the statute of limitations ; but if the jury should find that the note was given back to the testa'or for the purpose of leaving open the question of the value of .he plaintiff's services, and not the question of the testator's being indebted to him, then the giving of the note was compe- tent evidence to take the case out of the operation of said stat- ute, as to the services for which the note was given.

A verdict being found for the plaintiff, the defendant filed ex- ;eptions to the foregoing instructions.

*C. Allen,* for the defendant. The note, though a promise in writing, did not remain, after it was given up, as evidence which will take the case out of the statute of limitations. If the par- ties agreed that it should remain as evidence of a debt, they agreed by oral declarations only, which are of no avail. No case can be found in which written evidence, voluntarily destroy- ed, was ever allowed to operate, or where its non-production was excused. Besides, there was no proof, in this case, that any such agreement was made, as the instructions of the judge supposed.

*Washburn,* for the plaintiff. The 13th section of *c.* 120 of the Rev. Sts. is a transcript of the 1st section of Lord Tenter- den's act, 9 Geo. IV. *c.* 14 ; and the object of both statutes was the same. In *Dickenson* v. *Hatfield,* 5 Car. & P. 47, Lord *Tenterden* said the object of the English statute " was to procure that in writing, for which words were previously suffi- cient." In *Haydon* v. *Williams,* 7 Bing. 166, 167, *Tindal,* C. J. says, " the statute did not intend to make any alteration in the legal construction to be put upon acknowledgments or promises made by defendants, but merely to require a dif· ferent mode of proof ; substituting the certain evidence of a writing signed by the party chargeable, instead of the insecure and precarious testimony to be derived from witnesses." In this last case, and in *Lechmere* v. *Fletcher,* 1 Crompt. & Mees. 623, and also in *Bird* v. *Gammon,* 3 Bing. N. R. 883, it was held that a written acknowledgment took the case out of the

statute of limitations, though no sum was mentioned in the writing.

No form of written promise is prescribed by the statute. In *Barnard* v. *Bartholomew*, 22 Pick. 291, a letter was held sufficient. So in *Dabbs* v. *Humphries*, 10 Bing. 446, and in 7 Bing. 1 Crompt. & Mees. and 3 Bing. N. R. *ubi sup.*

It is not necessary to produce the written promise. It is sufficient, if it be proved that such a promise was made, and is not within the plaintiff's control at the time of the trial. *Haydon* v *Williams*, 7 Bing. 163.

Whether the note, on being given up, became as if never given, depends on the intention of the parties. The instructions of the judge were therefore right on this point.

· DEWEY, J. This case was put to the jury, under the instructions above stated, for the purpose of giving the plaintiff the benefit of all inferences the jury might properly draw from the evidence, and thus to present the question as to the competency of this evidence to avoid the effect of the statute of limitations, in the most favorable view which the law would authorize.

All the evidence of verbal acknowledgments of indebtedness, given in the course of the trial, however full and unequivocal they may be, are of no avail ; the Rev. Sts. *c.* 120, § 13, having provided that an acknowledgment or promise, to be effectual in taking a demand out of the operation of the statute of limitations, must be contained in some writing signed by the party chargeable thereby.

The court perceive no objection to the instructions given, as not being entirely correct as general principles, and such as under competent evidence would have authorized a jury to find a verdict for the plaintiff ; but upon looking at the evidence on this point, which lies in a very narrow compass, and taking all the facts to be true as disclosed in the plaintiff's evidence, it seems to us that, as matter of law, it is the duty of the court to say that there was no sufficient evidence of any acknowledgment or promise in writing, signed by the party to be charged thereby, to avoid the effect of the statute of limitations ; and that the note, which alone is relied upon as such evidence, having been

given up to the maker by the payee, without any condition or reservation, the parties were restored to the same state of things as existed before the making of the note, and that it could not therefore be competent evidence of any acknowledgment or new promise.

Had this note been retained by the plaintiff, it would of itself have furnished a good cause of action, and all questions as to the statute of limitations would have been avoided. But the case finds that the plaintiff, after the making and delivery of the note to him, in consequence of the dissatisfaction expressed by one of his brothers, as to the settlement and giving of the note by their father, carried the note to the maker, and gave it to him, saying that " he would give it up ; that he would not keep it, because it made difficulty in the family." What is the natural inference to be drawn from the fact of thus giving up the note ? Is it not to be taken as a voluntary relinquishment of all liabilities arising therefrom ? Here was an exchange of papers, each party surrendering the contract or written promise of the other ; for although it is not distinctly found, yet it may be reasonably presumed, that the paper, given up by the father to the plaintiff, was a receipt he had taken from the son, at the time of making the note to him.

It was certainly competent for the parties to have made such an arrangement as is supposed in the issue presented to the jury under the instructions from the court, on the trial. There might have been a conditional, or more properly a limited, discharge of the rights of the plaintiff upon this note ; a holding of it for the sole purpose of retaining the written acknowledgment of the maker, and yet under an agreement that the amount thereof should be reduced by an indorsement thereon, if, upon further examination, it should be found that the service had been computed at too high a rate. To effect such an arrangement, however, it would seem the more proper way to have placed the note in the hands of a third person to be held for all parties, and subject to the stipulated conditions. But the difficulty in the case is the want of any evidence of any limitation or condition in the surrender of the note by the plaintiff. It was uncon-

ditional equally upon the question of indebtedness more than six years preceding, as upon the question of the value of the services. There seems to have been no reservation. The plaintiff insists that this note having been shown once to have been in existence, although afterwards surrendered, is sufficient evidence of an acknowledgment in writing of the indebtedness as to the demand sought to be recovered in this action ; but, as it seems to us, it is not competent to the plaintiff to rely upon this instrument which was cancelled by mutual consent, for the causes already referred to, and now to make it the substantial cause of action, though under another form.

*Verdict set aside, and a new trial ordered.*